UNION MUTUAL LIFE COMPANY of Iowa, Appellant, v. LLOYD WADDELL et al., Appellees.

No. 42445.

NOVEMBER 20, 1934.

REHEARING DENIED JANUARY 19, 1935.

C. H. Burgardt, for appellant.

William W. Schweiker, for appellees.

EVANS, J.—The defendants Waddell are husband and wife. The mortgaged property was their homestead. The chronology of the case may be stated briefly. A mortgage loan of $6,200 was obtained by the defendants from the plaintiff-mortgagee in May, 1931. Its first installment of interest became due in November, 1931. No

payment of any installment of interest or principal was ever made prior to the decree. The mortgage foreclosure was brought in December, 1931, and went to decree in May, 1932. Execution sale occurred on June 11, 1932. On June 5, 1933, the motion for extension of time was filed. This motion was heard in September, 1933. The statute under consideration provides as follows:

"Provided, the court having jurisdiction of such foreclosure action shall order and direct, that there shall be applied from the income of said real estate so much thereof as is just and equitable, toward the payment of taxes accruing thereon during the period of redemption extension as provided by this act, and any balance distributed as the court may direct, and shall make such provision for the preservation of said property as will be just and equitable during the redemption period, and to this end the court may, in his discretion, in order to carry out the foregoing powers, appoint a receiver of said real estate, and invest said receiver with such powers as the court may find will be just and equitable to all parties to the proceeding."

 The moving defendants tendered reasonable rent. The mortgagee claimed a rental of not less than $55 per month. The court fixed the rental at $35 a month to run from the date of expiration of the year of redemption. The validity of the statute is not assailed. The printed record is somewhat obscure as to the exact status of the parties. The briefs join to a large extent in a statement of the facts. The case was decided in the district court in chambers and upon informal statements by respective counsel. No witness was actually examined. Counsel for the mortgagee filed an affidavit in support of its resistance to the mortgagor's motion for extension. Concededly the mortgagor had never paid a dollar of principal or interest, or of fire and tornado insurance premiums. The decree fixed upon $35 per month as a reasonable rent and ordered that the same be paid to the mortgagee pending the extension. Three months of the time had already expired since the date of the decree, and it was ordered therein that $105 be paid forthwith and that $35 per month be paid thereafter. As we read the appellant's brief, the appellees did not make such payment and have never paid anything on principal, interest, or insurance premiums. It does appear that the mortgagors have continued in possession. The trial court did not in terms provide that the payment of

$105 should be a condition precedent to the granting of the extension, nor did it in terms provide that the payment of $35 for each successive month should be a continuing condition to the granting of the extension. On the other hand, the brief of the mortgagors asserts, or at least implies, that they did pay the $105 as ordered in the decree, and that they have continued to pay monthly the $35 a month, as ordered. We think it was due the mortgagee that the payment ordered should be conditional to the maintenance of the extension. If in the absence of such condition the mortgagors have nevertheless performed it, no prejudice has resulted to the mortgagee up to this point. However, without a condition expressed in the decree, the mortgagee has no guaranty for the payment of the monthly installments to accrue in the future. For its protection, as to such future installments, the mortgagee is entitled to have the condition expressed in the decree.

As to whether the court should have fixed the monthly installment at $55 rather than at $35, only a question of fact is involved. In a strictly legal sense there was no evidence on the subject one way or the other. Treating the affidavit, however, as sufficient prima facia proof that the rental value of the property was $55, yet the trial court had need to weigh the evidence. It was purely an estimate on the part of the witness. There was no exact criterion to guide the court. Approximation was the best that could be done. This record therefore would not justify our interference with the approximation arrived at by the court below. It is ordered that the decree be modified to include, as a condition thereof, the requirement of payment of the sums fixed by the court, and that a failure to make the payments thus prescribed shall operate as a breach of the condition and shall terminate the right of extension. If the mortgagors were, or are, already in default in that respect, they may cure the same by complying with this condition within ten days from the date of filing this opinion. Otherwise the extension shall terminate forthwith.

With this modification, the decree below is affirmed.—Modified and affirmed.

MITCHELL, C. J., and STEVENS, KINDIG, and DONEGAN, JJ., concur.